```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STANACARD, LLC.
                Plaintiff(s),

    - against -

JAXTR, INC., ET AL.
                Defendant(s).

------------------------------------------------------------x

09 Civ. 1340 (PKC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties <u>do not consent</u> to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case <u>is</u> to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within <u>30</u> days from the date of this Order.

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than <u>14</u> days from the date of this Order.

5. All <u>fact</u> discovery shall be completed no later than <u>November 30, 2009</u>

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by <u>JUNE 15, 2009</u>.
    b. Interrogatories to be served by <u>OCTOBER 30, 2009</u>.
    c. Depositions to be completed by <u>NOVEMBER 30, 2009</u>.
    d. Requests to Admit to be served no later than <u>NOVEMBER 15, 2009</u>.

    <u>e.</u> **Claim Construction Schedule:**

        i. **Disclosure of Preliminary Asserted Patent Claims:** On or before June, 12 2009, [or 14 days following a claim construction ruling in <u>Stanacard v. Rebtel Networks, et al., 1:08-cv-04859-RWS</u>, which ever is later], the Plaintiff shall serve on Defendants a letter identifying its preliminary asserted patent claims.

ii. **Disclosure of Proposed Claim Limitations for Construction:** The parties shall exchange proposed claim limitations for construction within 14 days after the date provided in section 6.e.i.

iii. **Disclosure of Claim Construction Charts with Intrinsic and Extrinsic Evidence:** Within 30 days after the date provided in section 6.e.i., each party shall serve a claim construction chart identifying, on a claim-element-by-claim-element basis for each of the claims asserted in the case: (1) the party's proffered construction of each limitation that the party contends requires construction, together with a listing of (a) each claim in which the limitation appears, (b) all references from the prosecution history, the specification, dictionaries, learned treatises and any other extrinsic evidence the party contends supports the proffered construction, and (c) for any claim limitation that the party contends is governed by 35 U.S.C. § 112 (sixth paragraph), a recitation of the function of that limitation and each of the structures, acts or materials in the specification that the party contends performs the claimed function.

Within 45 days after the date provided in section 6.e.i, each party may serve supplemented claim construction charts that clearly identify changes from the party's original chart.

iv. **Joint Statement on Claim Construction.** Within 60 days after the date provided in section 6.e.i., the parties shall prepare and file a Statement to the Court as to each of the asserted claims in the case, each party's proffered construction of disputed claim limitations, and, where appropriate, any claim limitations upon which the parties are in agreement as to construction, and a brief statement of the proffered construction of the agreed limitation. Each party shall also identify any witnesses expected to provide expert testimony during the hearing and a brief summary of each witness' expected testimony. It shall also include a statement regarding the length of time the parties request for a Markman hearing.

v. **Opening Briefs on Claim Construction** must be filed within 75 days after the date provided in section 6.e.i.

vi. **Responsive Briefs on Claim Construction** must be filed within 95 days after the date provided in section 6.e.i.

vii. **Markman Hearing:** The Court will hold a *Markman* hearing on or about 105 days after the date provided in section 6.e.i, or as soon thereafter as is convenient for the Court, in order to resolve any claim construction disputes.

7. a. All expert discovery shall be completed no later than FEBRUARY 15, 2010.

b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
JAXTR HAS PROVIDED VARIOUS CONFIDENTIAL FINANCIAL AND OTHER INFORMATION TO STANACARD AND IS CURRENTLY IN SETTLEMENT NEGOTIATIONS.

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
SETTLEMENT CONFERENCE BEFORE A MAGISTRATE JUDGE

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
AFTER THE CLOSE OF FACT DISCOVERY

   d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: SEVEN COURT DAYS          .

---

**TO BE COMPLETED BY THE COURT:**

13. [Other directions to the parties]

*Court will set a schedule on further Mulvaney proceedings at the next conference in view of any ruling by Judge Sweet.*

14.  The (next Case Management) (Final ~~Pretrial Conference~~) is scheduled for *July 2, 2009 at 12:30 pm*

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

                                          _____
                                          P. Kevin Castel
                                          United States District Judge

Dated: New York, New York
       5-1-09